## SETTLEMENT AGREEMENT AND MUTUAL RELEASE OF ALL CLAIMS

This Settlement Agreement and Mutual Release of All Claims ("Agreement") is made by and between Plaintiff Ruphard Hugh Martin, Jr. ("Martin" or "Plaintiff") and Defendant Southern Premier Contractors, Inc. ("SPC" or "Defendant"). Plaintiff and Defendant are referred to collectively herein as the "parties" and separately as a "party." The "Effective Date" of this Agreement will be the date on which this Agreement is last signed by either Martin or SPC as shown on the signature page of this Agreement.

## RECITALS

WHEREAS, Martin filed a civil action against Defendant in a case styled Ruphard Hugh Martin, Jr. v. Southern Premier Contractors, Inc., Civil Action No.: 2:11-CV-0197-RWS ("Lawsuit"), which is pending in the United States District Court for the Northern District of Georgia, Gainesville Division;

WHEREAS, Defendant denies any violations of law and deny any liability to Martin, but wish to avoid further legal fees and expenses of litigation, and

WHEREAS, the parties hereto wish to resolve all of their disputes and settle these matters in a manner that will avoid the need for further litigation,

NOW THEREFORE, in consideration of material covenants and promises contained herein, the parties agree as follows:

1. **Consideration.** In consideration of Martin's promises and releases given herein, SPC agrees to pay Martin and Martin's Counsel the collective sum of Forty-Five Thousand Dollars ($45,000.00) (the "Settlement Payment"). The Settlement Payment will be paid in three separate checks as follows:

    a. Payment to Martin: Defendant agrees to pay the total sum of Twenty Five Thousand Five Hundred and 21/100 Dollars ($25,500.21) to Martin, inclusive of any claim by Martin to attorneys' fees and costs. The parties agree that the payment to Martin shall be separated into two equal amounts, payable by separate check: fifty percent (50%) shall be allocated to the claims asserted in the Lawsuit by Martin for unpaid overtime and other wage-related damages, and fifty percent (50%) shall be allocated to the claims asserted in the Lawsuit for liquidated damages and other relief. The portion allocated to claims for unpaid overtime and other wage-related damages shall be subject to all required employee- and employer-paid payroll taxes and deductions (e.g., federal income taxes, state income taxes, FICA taxes). The portion allocated to liquidated damages and other relief shall be characterized as non-wage income to the recipient. Martin acknowledges that, but for the execution of this Agreement, he would not be

Page 1 of 5


EXHIBIT A

entitled to receive this monetary consideration or other consideration provided for in this Agreement.

        b. <u>Payments to Plaintiff's Counsel for Attorney's Fees and Costs</u>: Defendant agrees to pay the total sum of Nineteen Thousand Four Hundred Ninety-Nine and 79/100 Dollars ($19,499.79) to Martin's counsel of record for Plaintiff's fees and costs. Martin will not be required to pay any attorneys' fees and costs out of his settlement payment amount set forth above in Section 1(a), and Martin's counsel of record agrees to accept as its only fee and cost payment the payment paid under this paragraph 1(b). In payment, Defendant will deliver to Plaintiff's counsel a check payable to "Johnson Marlowe LLP" to be reported in box #14 on IRS Form 1099-MISC.

        c. **Timing of Settlement Payment.** The payments due to Plaintiff and Plaintiff's Counsel, respectively, must be paid within 30 days of the Effective Date of this Agreement or within 10 days after the dismissal of the Lawsuit with prejudice, whichever is later.

The parties acknowledge the adequacy of consideration provided herein by each to the other, that this is a legally binding document, and that they intend to comply with and be faithful to its terms.

The payments to Martin and his counsel shall be delivered to Martin's counsel at 455 Epps Bridge Parkway, Suite 101, Athens, GA 30606.

Martin and his counsel shall have no claim to any payments from Defendant other than the foregoing. All parties will otherwise bear their respective attorneys' fees and costs.

    **2.** **Court Approval and Dismissal of Lawsuit.** By executing this Agreement, the parties agree to take all available steps to obtain approval of the Agreement by the United States District Court for the Northern District of Georgia, in which court the Lawsuit is pending, and the United States Bankruptcy Court for the Northern District of Georgia, in which court Martin has a pending bankruptcy proceeding under Chapter 13 of the bankruptcy code. So long as the parties obtain the requisite approval of the identified courts, they will take all available steps to secure the dismissal of the Lawsuit with prejudice.

    **3.** **Mutual Releases.**

        a. <u>Martin</u>: Except as to claims arising out of Defendant's promises and obligations under this Agreement, Martin, on behalf of himself and his heirs, executors, administrators, assigns, insurers, attorneys and other persons or entities, acting or purporting to act on Martin's behalf (collectively, the "Martin Parties"), does hereby irrevocably and

unconditionally release, acquit and forever discharge Defendant and Defendant's employees, managers, attorneys, agents, officers, directors, board members, owners, subsidiaries, affiliates, representatives, predecessors, successors and assigns, and any other related entity (collectively, "Defendant's Parties") from any and all actions, causes of action, suits, claims, obligations, liabilities, debts, demands, contentions, damages, judgments, levies and executions of any kind, whether in law or in equity, known or unknown, including but not limited to claims that Martin or the Martin Parties have or have had against Defendant or Defendant's Parties by reason of, arising out of, related to, or resulting from Martin's employment relationship with Defendant or the termination thereof, existing as of the Effective Date of this Agreement.

The claims released herein specifically include, but are not limited to, any claims arising in tort or contract; any claim based on wrongful discharge; any claim based on breach of contract; any claim based upon defamation or infliction of emotional distress; any claim for compensation, wages, bonuses, or benefits; any claim for impairment of economic opportunity; and any claim arising under federal, state, or local law prohibiting race, sex, religion, age, national origin, handicap, disability, or other forms of discrimination. This release specifically includes any claim that Martin or the Martin Parties have or have had under Georgia state law regarding employment discrimination or wages; Title VII of the Civil Rights Act of 1964, as amended; 42 U.S.C. § 1981; the Civil Rights Act of 1991; the Equal Pay Act; the Americans with Disabilities Act; the Age Discrimination in Employment Act; the Family and Medical Leave Act (including any reinstatement rights thereunder); the Lilly Ledbetter Fair Pay Act of 2009; the Employee Retirement Income Security Act, as amended; the Employee Polygraph Protection Act; the Worker Adjustment and Retraining Notification Act; the anti-retaliation provisions of the Sarbanes-Oxley Act or any other federal or state law regarding whistleblower retaliation; the Uniformed Services Employment and Reemployment Rights Act; and the Fair Credit Reporting Act. Martin acknowledges that this Agreement does not release any claims that he cannot lawfully release. Furthermore, this Agreement does not prohibit Martin from filing a charge with any governmental administrative agency (such as the Equal Employment Opportunity Commission) or from cooperating in any agency investigation provided that he does not seek personal relief for released claims.

    b. <u>Defendant</u>: Except as to claims arising out of Martin's promises and obligations under this Agreement, Defendant does hereby irrevocably and unconditionally release, acquit and forever discharge Martin and the Martin Parties from any and all actions, causes of action, suits, claims, obligations, liabilities, debts, demands, contentions, damages, judgments, levies and executions of any kind, whether in law or in equity, known or unknown, existing as of the Effective Date of this Agreement.

    c. <u>Agreement not to Sue</u>: The parties agree, to the extent permitted by law, that they will not file any petitions, charges, grievances, lawsuits, or related documents seeking damages on their own behalf with any federal, state or local court, administrative agency or

union relating to any matter (except for actions to enforce their rights under this Agreement) and will not accept any award in connection with any such proceeding or action. The parties agree to withdraw all such actions, if any, that are pending. Further, the parties agree not to participate, unless legally compelled to do so, in any petitions, charges, complaints, grievances, lawsuits, or related matters regarding the adverse party(ies) that are filed with any federal, state or local court, administrative agency, or union.

4. **Modification.** No modification, amendments, cancellation, deletion, addition, extension or other changes in this Agreement shall be effective for any purpose unless specifically set forth in a written agreement signed by all parties. This Agreement constitutes a single, integrated written agreement containing the entire understanding between the parties regarding the subject matter hereof and supersedes and replaces any and all prior agreements and understandings, written or oral.

5. **Non-Admission.** This Agreement does not constitute an admission by any party to the Lawsuit that they have violated any law or statute and each party specifically denies any such violation by them occurred.

6. **Mutual Non-Disparagement.** Martin agrees not to disparage Defendant or Defendant's Parties, and Defendant agrees that any currently employed management employee of SPC who is aware of this settlement will not disparage Martin. In the event that a party believes that this provision has been violated, the party must provide the allegedly breaching party with ten (10) days prior written notice of the alleged violation and opportunity to reasonably cure or refute the alleged violation by an objective person standard prior to filing any action alleging breach of this mutual non-disparagement provision.

7. **When Agreement Becomes Effective; Counterparts; Signatures.** This Agreement shall become effective upon the execution of the Agreement by the parties. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the parties had signed the same instrument. Signature of this Agreement delivered by facsimile or via emailing a .pdf scanned copy of signature shall be deemed effective as if executed in original.

8. **Acknowledgment/Warranty.** By signing this Agreement, each party acknowledges and warrants that:

   a. The party has carefully read and fully understands every provision of this Agreement, including, without limitation, the mutual release of all claims listed in paragraph 3 above;

9. **Continuing Jurisdiction:** Nothing in this Agreement is intended to limit the Court's authority to retain continuing and exclusive jurisdiction over the Parties to this Agreement, for the purpose of the administration and enforcement of this Agreement. In the event one party breaches this Agreement, the other party will not contest the Court's continuing and exclusive jurisdiction to hear the dispute.

10. **No Other Representations.** Each party represents and acknowledges that in executing this Agreement such party does not rely, and has not relied, upon any representation or statement not set forth herein made by the other party or any of the other party's agents, representatives, or attorneys with regard to the subject matter, basis, or effect of this Agreement.

11. Subject to the below-stated exceptions, upon inquiry regarding this lawsuit, Martin or his authorized representatives shall state only that the matter has been resolved to the mutual satisfaction of the parties. The foregoing sentence does not, however, apply to (a) any inquiry from Martin's immediate family members, attorneys, accountants, financial advisors, or tax preparers, provided that such individuals agree in advance to not disclose the details of this settlement, (b) any truthful response regarding the settlement or this Agreement that Martin gives that is required by force of law, and (c) any statement that Martin or his authorized representatives make in connection with the parties' efforts to obtain approval of the settlement and Agreement by the Court and the United States Bankruptcy Court.

12. **Indemnification.** If this Agreement is breached, the non-breaching party will be entitled to indemnification from, and will be held harmless against, any loss, cost, damage or expense (including reasonable attorneys' fees) that it incurs arising out of the breach by the breaching party.

**PARTIES:**

RUPHARD HUGH MARTIN, JR.

_[signature]_ 9/19/13
Ruphard Hugh Martin, Jr.            Date

Approved as to form only by counsel to Martin:

_[signature]_                    09/19/2013
Dustin Marlowe                   Date

SOUTHERN PREMIER CONTRACTORS, INC.:

By: Michael Massey    Date 11/7/13
Its: President

Approved as to form only by counsel to SPC:

Tracy L. Moon, Jr.    Date